RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  4/3/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ANTHONY ATWATER** | **DOCKET NO. 1:13-CV-3255; SEC. P** |
| **VERSUS** | **JUDGE TRIMBLE** |
| **WARDEN CARVAJAL** | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

Before the Court is *pro se* petitioner Anthony Atwater's petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Atwater is an inmate in the custody of the Federal Bureau of Prisons (BOP), presently incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner attacks his conviction and sentence for attempting to aid and abet the possession, with intent to distribute, cocaine and violation of the Hobbs Act.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Background*

Petitioner, Anthony Atwater, pled guilty on July 21, 2010, to two counts of a five count indictment in the United States District Court for the Northern District of Georgia. [1:10-cr-0155, N.D.Ga.] Count I stated a violation of the Hobbs Act, 18 U.S.C. § 1951(a) and Count II alleged a violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 21 U.S.C. § 846, attempting to aid and abet the possession with intent to distribute cocaine. The remaining counts

of the indictment were dismissed as part of the plea agreement. [1:10-cr-0155, N.D.Ga.] On January 25, 2011, the court sentenced Defendant to 72 months of imprisonment, 4 years of supervised release, and a $200 special assessment. Petitioner did not file a direct appeal. [1:10-cr-0155, N.D.Ga.]

On January 5, 2012, Petitioner filed a *pro se* §2255 motion in the court of conviction, which was denied on April 19, 2012. [1:10-cr-0155, N.D.Ga., Doc. #50] Atwater then filed a "notice of appeal," which was construed as a motion for certificate of appealability by the Eleventh Circuit Court of Appeals. The request was denied on October 17, 2012. [1:10-cr-155, N.D.Ga., Doc. #63; 12-12457 (11th Cir.)]

Thereafter, on January 14, April 22, May 24, June 26, July 29, and August 26, 2013, Atwater filed in the Eleventh Circuit Court of Appeals applications for leave to file a second or successive motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. §2255(h), all of which were denied. [11th Cir. Docket Numbers: 13-10183, 13-11727, 13-12358, 13-12885, 13-13408, and 13-13827]

Then, on December 17, 2013, Atwater filed a petition in this Court under 28 U.S.C. §2241.

### Law and Analysis

Petitioner claims that his counsel was ineffective, his guilty plea was unlawful, and that he was denied due process of law.

[Doc. #1, p.5]

A collateral attack on a federal criminal conviction and sentence is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. §2255. See <u>Tolliver v. Dobre</u>, 211 F.3d 876, 877 (5th Cir. 2000). An application for writ of habeas corpus brought under 28 U.S.C. §2241 is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. See <u>id.</u> at 877-78.

The Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA] limits the circumstances under which an individual may file a second or successive motion for post-conviction relief under Section 2255. <u>See</u> ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). As the appellate court advised Atwater on at least five occasions, in order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Such a determination must be made by the Court of Appeals before a petitioner files his motion in district court. <u>See</u> <u>id.</u> §§2255(h) & 2244(b)(3).

Habeas relief under Section 2241 may be appropriate when the remedy provided under Section 2255 is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830-31 (5th Cir. 2001); accord Padilla v. United States, 416 F.3d 424, 426 (5th Cir. 2005). A prior unsuccessful §2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make §2255 inadequate or ineffective. See Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000); Pack v. Yusuff, 218 F.3d 448, 452-53 (5th Cir. 2000).

A petitioner must satisfy two factors to show inadequacy. First, the claim must be "'based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense.'" Jeffers, 253 F.3d at 830 (quoting Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001)). Second, the claim must have been "'foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion.'" Id.

Petitioner does not allege that the remedy provided under §2255 is inadequate or ineffective to test the legality of his detention. He does not identify a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense. Atwater cannot circumvent the limitations on filing a successive §2255 motion by filing a §2241 motion in this Court.

*Conclusion*

Because Petitioner is attacking the legality of his conviction and sentence, and he does not meet the requirements of the savings clause, **IT IS RECOMMENDED** that his petition be **DENIED AND DISMISSED** for lack of jurisdiction.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 3rd day of April, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE